**Lee Nathaniel for Use of Marks Credit Clothing, Inc., v. Wilson and Company. Landon L. Chapman, Appellant. Wilson and Company and Marks Credit Clothing, Inc., Appellees.**

**Gen. No. 41,643.**

Opinion filed June 9, 1941. Rehearing denied June 23, 1941.

LANDON L. CHAPMAN and KARL M. MILGROM, both of Chicago, for appellant.

DAVID SOSSON, of Chicago, for appellees; MORTON J. HAUSLINGER and EDWARD LEVETT, both of Chicago, of counsel.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

December 13, 1939, Lee Nathaniel purchased merchandise from the Marks Credit Clothing, Inc., for which he agreed to pay $64.79 in weekly installments of $2.50 every Saturday. At the time the purchase was made Nathaniel executed an assignment of his wages, he then being employed by Wilson & Company, to the clothing company. March 5, 1940, the clothing company served notice on Wilson & Company of the assignment of wages and demanded payment of the $64.79 which was then due under the contract of purchase because Nathaniel had made default in the weekly payments. After the demand was made and within 30 days thereof, the instant suit was brought. During the pendency of the suit, Landon L. Chapman, by leave of court, filed his intervening petition in which he alleged that September 25, 1939, Nathaniel, who was then working for Wilson & Company, had made an assignment of his wages to him from which it appeared Nathaniel owed Chapman $125, which he agreed to pay in weekly installments of $5. That October 31, 1939, Nathaniel being in default, Chapman served notice of the assignment of wages and made a demand on Wilson & Company under the Assignment of Wages Act, Ill. Rev. Stat. 1939, ch. 48, p. 1559 [Jones Ill. Stats. Ann. 45.013 *et seq.*], and within 30 days thereafter brought suit in the Municipal court of Chicago against Wilson & Company and had judgment for $34.47, which was satisfied; that January 30, 1940, Nathaniel being still in default, Chapman served another demand on Wilson & Company and February 7, 1940, brought an action in the Municipal court of Chicago against Wilson & Company and obtained a judgment for $36.71, which was satisfied. The prayer of

the petition was that the amount due Nathaniel from Wilson & Company be paid to Chapman.

The answer filed by Wilson & Company in the instant case shows that 25 per cent of the wages earned by Nathaniel was $45.50, which was claimed by Chapman and by Marks Clothing Company. The case was tried before the court without a jury and there was a finding and judgment in plaintiff's favor against Wilson & Company for $45.50. The prayer of the intervening petition was denied, and Chapman appeals.

Chapman filed his brief in this court as did Nathaniel for the use of Marks Clothing Company, Inc., plaintiff. No brief has been filed by Wilson & Company.

Chapman's theory of the case, as stated by himself, is "the service of a demand on an employer for properly assigned wages, and the filing of a suit against the employer on the assignment within thirty days after demand, is sufficient, under the Wage Assignment Act, to establish the assignee's claim to and right to receive 25% of the wages earned by the assignor until the assignee's claim is paid in full. If the employer subsequently fails to pay the assigned wages to the assignee, the assignee need not serve a second demand on the employer for the assigned wages, before suing the employer on the assignment a second time for wages earned since the first suit."

The question for decision must be determined by a construction of the Assignment of Wages Act passed in 1935. By § 1 it is provided: "No assignment of wages earned or to be earned shall be valid unless" (1) there is a written assignment by the wage earner giving the name of his employer, specifying the amount the wage earner owes to the assignee, (2) the assignment must be given to secure an existing debt, (3) an exact copy of the assignment shall be furnished to the wage earner at the time of its execution, (4) the document must be headed by the words, "Wage Assign-

ment'' to be printed in bold face type not less than one-quarter inch in height, and (5) the document must be complete in itself and not a part of any conditional sales contract or other instrument.

Section 2 provides no demand shall be made on the employer for the wages of a wage earner unless, (1) the latter is in default in payment of his indebtedness and (2) the demand must contain a correct statement, the amount the wage earner is in default and the original or photostatic copy of the assignment shall be exhibited to the employer. Continuing the section provides: ''Service of any such demand without complying with the above requirements shall have no legal effect, and in no case shall a demand have any legal effect after thirty days from the service of the demand, unless suit is instituted against the employer of the wage-earner on the assignment within such thirty days.''

Section 4 of the act provides: ''No more than twenty-five per centum of the wages of a wage-earner shall be subject to collection by the assignee. If there is more than one assignment demand received by the employer, the assignees shall collect in the order of priority of service of the demand upon the employer but the total of all collections shall not exceed twenty-five per centum of the wages of the wage-earner covering any period.''

And by § 5, it is provided that ''. . . no assignment of wages shall be valid after three years from the date of its execution and shall be void after such period of three years.''

We think Chapman's contention cannot be sustained. Part of § 2 of the act above quoted provides that where a demand is made on the employer for the wages of a wage earner by virtue of an assignment ''in no case shall a demand have any legal effect after thirty days from the service of the demand, unless suit is instituted against the employer of the wage-earner . . .

within such thirty days.'' We think the statute means that where a demand is made under the act, suit brought and judgment obtained and satisfied, the assignee before he can enforce any further claim against the employer must serve another demand on the employer. If this were not so, an assignee who had made a demand, brought suit and obtained judgment which the employer satisfied, the demand made would be good for the balance of three years, which we think is contrary to § 2 of the act.

The judgment of the Municipal court of Chicago is affirmed.

*Judgment affirmed.*

MATCHETT and McSURELY, JJ., concur.